OPINION OF THE COURT
Per Curiam.
The Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts (hereinafter the Grievance Committee) served the respondent with a petition dated December 14, 2010, and a supplemental petition dated April 27, 2011, containing eight charges of professional misconduct. After a prehearing conference on September 12, 2011, and a hearing on December 1, 2011, which remained opened until March 10, 2012, to allow for the submission of post-hearing memoranda, the Special Referee issued a report, which sustained all of the charges. The Grievance Committee now moves to confirm the Special Referee’s report and impose such discipline upon the respondent as the Court deems just and proper. Although afforded an opportunity to respond to the motion, the respondent has not submitted any papers.
Charge one alleges that the respondent failed to safeguard escrow funds entrusted to him as a fiduciary, incident to his practice of law, in violation of rules 1.15 (b) and 8.4 (h) of the Rules of Professional Conduct (22 NYCRR 1200.0). In or about November 2008, the respondent represented Rockaway Equities, LLC, as the seller of real property known as 1506 Prospect Place, Brooklyn, N.Y., to Asia C. Wilson, Jermal Wilson, Aisha Brown, and Tayna Cuevas (hereinafter collectively the purchasers). The contract of sale provided for a down payment in the *22 sum of $20,000 to be held by the respondent, as escrowee, until closing or until the termination of the contract. In or about November 2008, the partially executed contract and the $20,000 down payment check, payable to the respondent, as attorney, were delivered to the respondent’s office. The contract was thereafter terminated. From in or about November 2008 until on or about October 23, 2009, the respondent failed to maintain the down payment in escrow.
Charge two alleges that the respondent engaged in conduct involving deceit, dishonesty, and misrepresentation, in violation of rules 4.1 and 8.4 (c) and (h) of the Rules of Professional Conduct (22 NYCRR 1200.0). As of in or about January 2009, the respondent knew the $20,000 down payment was in the possession of his client, the seller. Notwithstanding this fact, the respondent did not inform the purchasers’ attorney that he did not have the down payment in escrow.
Charge three alleges that the respondent failed to withdraw from representing a client in a transaction in which he knew that continued representation would cause him to engage in deceitful conduct, in violation of rules 1.16 (b) (1) and 8.4 (h) of the Rules of Professional Conduct (22 NYCRR 1200.0). The respondent continued to represent the seller and intentionally failed to inform the purchasers’ attorney that the down payment was in the possession of the seller, leading them to believe that the down payment was safeguarded in his escrow account. The respondent knew or should have known that continued representation of the seller under these circumstances would violate the Lawyer’s Code of Professional Responsibility or Rules of Professional Conduct.
Charge four alleges that the respondent made false and/or misleading statements to the Grievance Committee, in violation of rule 8.4 (c), (d) and (h) of the Rules of Professional Conduct (22 NYCRR 1200.0). In or about October 2009, Aisha Brown filed a complaint against the respondent alleging, inter alia, that he had improperly failed to return the purchasers’ down payment after termination of the contract. In his December 21, 2009 answer to the complaint, the respondent stated, inter alia, that he had not returned the down payment to the purchasers’ attorney until October 27, 2009 because “the seller had instructed me not to.” In fact, the respondent knew that he did not return the down payment to the purchasers because the down payment was not in his possession. In December 2009 and January 2010, the Grievance Committee requested that the re *23 spondent provide proof that he had maintained the down payment in escrow. In response, the respondent provided records for an escrow account that he knew never contained the down payment.
Charge five alleges that the respondent failed to maintain ledger books or similar records of deposits into and withdrawals from his IOLA accounts, in violation of rules 1.15 (d) and 8.4 (h) of the Rules of Professional Conduct (22 NYCRR 1200.0). At all times relevant, the respondent maintained two attorney escrow accounts at Capital One Bank. He failed to maintain a ledger book or similar record for both attorney escrow accounts showing the source of all funds deposited into his escrow accounts, the names of all persons for whom funds were held, the amount of such funds, the charges or withdrawals from the accounts, and the names of all persons to whom such funds were disbursed.
Charge six alleges that the respondent failed to safeguard funds entrusted to him as a fiduciary incident to his practice of law, in violation of Code of Professional Responsibility DR 9-102 (a) and DR 1-102 (a) (7) (22 NYCRR 1200.46 [a]; 1200.3 [a] [7]). In or about October 2007, the respondent represented the seller, Beachway Properties, LLC, in the sale of a new dwelling to Carla Walker. As of October 30, 2007, the closing date, the seller had not yet obtained a certificate of occupancy (hereinafter CO) for the dwelling. The mortgagee, Wells Fargo Bank, N.A., conditioned the purchaser’s mortgage loan upon the seller obtaining a final CO within 90 days. At the closing on October 30, 2007, the parties entered into an escrow agreement whereby the seller would deposit $10,000 into escrow, to be held by the respondent, pending issuance of a final CO to the satisfaction of the mortgagee within 90 days. At the closing, the respondent received a $10,000 check from the proceeds of the purchaser’s mortgage, payable to “Richard Zimmerman as attorney.” The respondent knew that he was required to deposit and maintain those funds in escrow until a final CO was issued, to the satisfaction of the mortgagee. The respondent failed to deposit and maintain the $10,000 in escrow, as required. On or about October 30, 2007, the day he received the check, the respondent gave it to his client, the seller. To date, the final CO has not yet been issued.
Charge seven alleges that the respondent engaged in conduct involving deceit, dishonesty, and misrepresentation, in violation of rule 8.4 (c) and (h) of the Rules of Professional Conduct (22 *24 NYCRR 1200.0). In or about October 2009, the purchaser’s attorney requested that the respondent confirm that he was still holding the $10,000 in escrow and that he would continue to preserve the funds pursuant to the escrow agreement. In a letter dated February 2, 2010, the respondent led the purchaser’s attorney to believe he still had the $10,000 in escrow. In fact, the respondent knew that he had released the $10,000 in escrow to his client more than two years earlier, on or about October 30, 2007.
Charge eight alleges that the respondent failed to cooperate with the Grievance Committee in its investigation of a complaint of professional misconduct filed against him, in violation of rule 8.4 (d) and (h) of the Rules of Professional Conduct (22 NYCRR 1200.0). In November 2010, the Grievance Committee directed the respondent to submit an answer, within 10 days, to a complaint filed by Carla Walker regarding release of the $10,000 in escrowed funds. In his January 18, 2011 answer to the complaint, the respondent stated, inter alia, that his client had “instructed” him “that no money is to be paid to [Walker].”
By letter dated January 26, 2011, the Grievance Committee requested the respondent to provide evidence that he had maintained the $10,000 in escrow from October 2007 to the present, and copies of his bank statements and any other relevant documents. The respondent failed to respond or request additional time in which to do so. He also did not respond to a second request by the Grievance Committee.
On March 30, 2011, the respondent was personally served with two judicial subpoenas, directing him to appear at the Grievance Committee’s offices on April 5, 2011, and to produce his file relative to the Walker transaction and his escrow records from October 1, 2007 to the present. The respondent did not comply. The respondent ultimately appeared at the Grievance Committee’s offices on April 11, 2011, as directed. He gave testimony on the Walker matter, but failed to produce his file and escrow records. Although given until April 15, 2011 to produce his file and the requested records, he failed to do so as promised.
Based on the evidence adduced and the respondent’s admissions, the Special Referee properly sustained all of the charges. Accordingly, the Grievance Committee’s motion to confirm the Special Referee’s report is granted.
At the hearing, the respondent testified in mitigation that he was “used” or “led down the wrong path” by his employer, *25 which he characterizes as an unscrupulous real estate development company that forged his name on checks. The Special Referee found the respondent’s testimony in this regard to be credible, specifically finding the respondent to be a “cog” who followed, but did not initiate or control, the practices in the company. The respondent testified to his remorse, his efforts to make his victims whole, and the fact that he did not misappropriate any funds for his personal use and realized no monetary gain from the subject transactions.
However, the respondent, who was employed by United Homes as a “closer” when the misconduct occurred, knew that his conduct was improper and violated basic rules governing escrowed funds. He nevertheless took no action to blow the whistle or step down from his position as in-house counsel with the company. Rather, he knowingly allowed his services to be used by another to perpetrate a fraud. Furthermore, the respondent was not candid with the Grievance Committee when questioned initially about the transactions.
Under the totality of circumstances, and balancing the significant mitigation present in this case against the respondent’s misconduct, the respondent is suspended from the practice of law for two years.
Eng, EJ., Mastro, Rivera, Skelos and Sgroi, JJ., concur.
Ordered that the petitioner’s motion to confirm the Special Referee’s report is granted; and it is further,
Ordered that the respondent, Richard J. Zimmerman, is suspended from the practice of law for a period of two years, effective April 26, 2013, and continuing until further order of this Court. The respondent shall not apply for reinstatement earlier than October 27, 2014. In such application, the respondent shall furnish satisfactory proof that during that period (1) he refrained from practicing or attempting to practice law, (2) he fully complied with this decision and order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended, and resigned attorneys (see 22 NYCRR 691.10) , (3) he complied with the applicable continuing legal education requirements of 22 NYCRR 691.11 (c), and (4) he otherwise properly conducted himself; and it is further,
Ordered that the respondent, Richard J. Zimmerman, shall promptly comply with this Court’s rules governing the conduct of disbarred, suspended, and resigned attorneys (see 22 NYCRR 691.10) ; and it is further,
*26 Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until such further order of this Court, the respondent, Richard J. Zimmerman, shall desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
Ordered that if the respondent, Richard J. Zimmerman, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).